NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**SCOTT A. HOWLETT,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2011-7003

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-2550, Judge Alan G. Lance, Sr.

---

ROBERT P. WALSH, of Battle Creek, Michigan, argued for claimant-appellant.

COURTNEY S. MCNAMARA, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRONS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LINN, DYK, and PROST, *Circuit Judges.*

LINN, *Circuit Judge.*

**O R D E R**

Appellant, Scott A. Howlett ("Howlett"), appeals from the United States Court of Appeals for Veterans Claims ("Veterans Court") decision, *Howlett v. Shinseki*, No. 08-2550 (C.A.V.C. July 7, 2010) ("*Appeal*") affirming the denial by the Board of Veterans' Appeals ("Board") of Howlett's claim for service connection, *In the Appeal of Howlett*, No. 02-03 423A (B.V.A. Apr. 29, 2008) ("*Board Decision*"). Because Howlett's appeal presents purely factual questions that we may not review, this court dismisses the appeal for lack of jurisdiction.

I.

Howlett served on active duty in the United States Army from February 18, 1987, through February 15, 1989. Howlett subsequently served as a vehicle repairman, where, while working underneath a truck, the engine backfired into the muffler creating a very loud noise. Later, Howlett suffered an in-service bicycle accident fracturing his tooth and causing other head injuries. Howlett alleges that these two injuries caused him to suffer hyperacusis (exceptionally acute hearing that may be accompanied by ear pain). Howlett applied to the Department of Veterans Affairs (VA) Regional Office for service connection disability ratings for hyperacusis and major depression and anxiety secondary to hyperacusis. On April 29, 2008, the Board denied Howlett's claims, finding that he was "not a credible historian" and that the service and post-service medical records "outweigh[ed] the veteran's contentions that the claimed disorders [we]re related to his service." *Board Decision*, slip op. at 5, 17. On appeal, the Veterans Court found no evidence "that the Board in any way misunderstood the facts of this case or misapplied the law to them." *Appeal*, slip op. at 3. Accordingly, the Veterans Court affirmed the Board's decision. Howlett appeals to this court.

II.

This court possesses limited jurisdiction to review decisions by the Veterans Court. We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). "Unless an appeal from the Veterans Court 'presents a constitutional issue,' this court 'may not review (A) challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.'" *Bastien v. Shinseki*, 599 F.3d 1301, 1305 (Fed. Cir. 2010) (citing 38 U.S.C. § 7292(d)). "In other words, except for constitutional issues, this court has no jurisdiction to review the Veterans Court's factual determinations." *Id.*

A.

Howlett first argues that the Veterans Court "created a new rule of law when it approved an erroneous legal analysis by the Board." Appellant Br. 20. Howlett alleges that the Veterans Court created a new rule of law in affirming the Board's "haphazard credibility determination," after which the Board allegedly declined "to consider voluminous medical literature and clinical evidence of record." *Id.* at 21. Howlett further argues that the Board violated the Federal Rules of Evidence—not applicable to Veterans Court proceedings, *Avgoustis v. Shinseki*, 639 F.3d 1340, 1342-43 (Fed. Cir. 2011) (citing Fed. R. Evid. 1101(a))—through "an unfavorable credibility determination based primarily on supposition and speculation" and "the admission of evidence which was not relevant." Appellant Br. 23, 26.

The government counters that Howlett's appeal challenges only the Board's "factual findings, credibility determinations and weighing of evidence," all of which this court lacks jurisdiction to review. Appellee Br. 16. According to the government, the Board did not limit its

analysis to a credibility determination, but considered all evidence of record, including "an extensive discussion of the medical evidence for and against his claims." Appellee Br. 19.

The government is correct that the alleged errors in the Board's credibility determination and the Veterans Court's affirmance thereof amount to no more than an argument that the Board erred in interpreting the facts. After reviewing all the evidence, the Board found that "the veteran's assertions are uncorroborated or contradicted by service records and service medical records to such a degree that the Board finds that he is not a credible historian." *Board Decision*, slip op. at 6. On review, the Veterans Court stated:

> [T]o the extent that appellant urges that the Board failed to address any of the medical literature he submitted, such a discussion was unnecessary given that the Board found the appellant's testimony was not credible and that there was no objective evidence that he actually suffered from any pathology or disease of the ear. In other words, in the absence of credible evidence of any symptoms, the issue of causation was moot.

*Appeal*, slip op. at 3. Making such credibility determinations and weighing the evidence are factual issues over which this court lacks jurisdiction to review. *See, eg.*, *Bastien*, 599 F.3d at 1305.

Howlett's contention that the Veterans court created a new rule of law, i.e., permitting the Board to ignore certain favorable medical evidence after finding that a veteran is not credible, is without merit. The Board is presumed to have considered all evidence of record at the time of the VA's determination of service connection. *Gonzalez v. West*, 218 F.3d 1378, 1381 (Fed. Cir. 2000). Nothing requires the Board to discuss every piece of submitted evidence in its decision. *Id.* at 1380-81.

> [T]he plain language of [38 C.F.R. § 3.303(a)] re-
> quires merely that determination as to service
> connection be based on 'review' of the 'entire evi-
> dence' of record. . . . 'Review,' we hold, is not syn-
> onymous with 'analyze and discuss' . . . and the
> regulation requires no specific reference in the de-
> cision to every piece of evidence so reviewed.

*Id.* In making its credibility determination and consider-
ing the medical evidence, neither the Board nor the
Veterans Court created a new rule of law involving the
exclusion of evidence or otherwise.

Howlett's argument that the Board violated the Fed-
eral Rules of Evidence is also without merit. Howlett
points primarily to the Board's analysis of an unfavorable
March 2001 Social Security Administration ("SSA")
disability determination, arguing that it was not relevant
because it was superseded by a subsequent October 2006
SSA disability determination ultimately granting bene-
fits. Howlett is incorrect that this was "the admission of
evidence that was not relevant." First, the Federal Rules
of Evidence are not controlling in VA proceedings. *Av-
goustis*, 639 F.3d at 1342 (citing Fed. R. Evid. 1101(a)).
Second, as discussed above, the Board is presumed to
have considered all evidence before the VA; and, here,
both SSA decisions were in the record and mentioned in
the Board decision. Accordingly, the Board properly
considered the evidence of record, both favorable and
unfavorable.

## B.

Howlett also alleges that the Board and Veterans
Court denied him due process of law in violation of the
Fifth Amendment to the U.S. Constitution by "[u]sing [a]
credibility determination [] to truncate review of the
favorable evidence of record absent notice to the claim-
ant." Appellant Br. 38. Howlett's constitutional claim is
without merit because, as discussed above, the Board did
not decline to review the favorable evidence of record.

Instead, the Board reviewed all the evidence and found that Howlett had presented no credible evidence that he actually suffered from the alleged injury. This situation is similar to *Helfer v. West*, 174 F.3d 1332 (Fed. Cir. 1999), where this court held that the veteran's "constitutional argument [wa]s that by ruling against him as it did, the [Veterans Court] deprived him of a property interest without due process of law." *Id.* at 1335. Similarly, here, "to the extent that [Howlett] has simply put a 'due process' label on his contention that he should have prevailed . . . his claim is constitutional in name only." *Id.* Because Howlett's allegation, in substance, amounts to no more than an allegation that the Board and Veterans Court erroneously weighed the facts, it is constitutional in name only, and this court lacks jurisdiction. *Id.* ("[The veteran's] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.")

Howlett's remaining arguments have been considered but do not have any merit.

Accordingly,

IT IS ORDERED THAT:

(1)  The appeal is dismissed.

(2)  Each side shall bear its own costs.


                                   FOR THE COURT


   July 29, 2011                   /s/ Jan Horbaly
       Date                        Jan Horbaly
                                        Clerk