NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN R. BURNLEY,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1965

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4108, Senior Judge Lawrence B. Hagel.

---

Decided: September 11, 2017

---

JOHN R. BURNLEY, Richmond, VA, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM; Y. KEN LEE, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before DYK, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

John Burnley appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). Burnley alleges that he was assaulted by another service-member during his time in service in 1972, resulting in a lower back disability that continues to this day. The Board of Veterans' Appeals ("Board") found Burnley's testimony and supporting evidence not credible and denied Burnley's claim for disability compensation. The Veterans Court affirmed. We dismiss Burnley's appeal for lack of jurisdiction.

## BACKGROUND

Burnley served in the Marine Corps from February 4, 1972, to February 28, 1972. He was discharged for "mental inaptitude." S.A. 1. His discharge physical exam "revealed no abnormalities of any kind and [Burnley at the time of discharge] denied experiencing recurrent back pain." S.A. 2.

In 2006, Burnley filed a VA disability claim for a lower back disability under 38 U.S.C. § 1110. At a 2011 Board hearing for his claim, Burnley testified that during his time in service, "he was beaten by a fellow Marine," which resulted in a back injury. S.A. 2. Thus, according to Burnley, his current lower back disability is service connected. Burnley also testified that he was discharged "to cover up the battery." S.A. 33. At another Board hearing, two of Burnley's friends testified that "they were not aware of him having any disabilities before entering service and, after returning from service, he sometimes walked bent over and more slowly." S.A. 30. Burnely also presented a statement to the Board from a private physician, who stated that after examining Burnley in 2012

and "[b]ased on the history presented by [Burnley] and the medical records reviewed, it is fair to believe more likely than not that this back injury did have its onset in February 1972 as a result of a physical altercation." S.A. 31.

The Board denied Burnley's claim because it found his testimony and his supporting evidence "not credible." S.A. 35.

First, the Board found that Burnley's statements were "inconsistent" and "in contradiction" with one another with respect to the key issue of when the alleged attack took place. S.A. 32. At times, Burnley testified that he was attacked prior to the Marine Corp's decision to discharge him, while at other times, Burnley stated that he was attacked after his discharge examination. The Board found that "such alteration/revision of [Burnley's] account of the pertinent alleged in-service [connection] significantly diminishes the credibility of the Veteran's testimony." S.A. 35.

Second, the Board noted that Burnley asserted that he sought "treatment for a back disability" between 1972 and 1976, but that the relevant medical records from this period have been destroyed because of his physician's death. S.A. 26. However, "available . . . records are silent for any complaints or findings regarding the lower back prior to November 1996," *id.*, and Burnley's private treatment records "indicate that [Burnley] recalled that . . . his back complaints . . . had their onset in approximately 2005 (around the time he was involved in an automobile accident)," S.A. 39.

Finally, the Board found Burnley's private physician's opinion that his back injury "more likely than not" dates back to 1972, S.A. 4, to be unpersuasive, "because it was not based on a thorough review of all the evidence of record but instead was based predominantly on the Vet-

eran's self-reported history and a current physical examination," S.A. 41. Instead, the Board found that the VA physician's opinion, which concluded that Burnley's injury was "less likely than not incurred in or caused by service," S.A. 3, to be "entitled to great probative weight, as it took into account a thorough review of the Veteran's claims file and medical history," S.A. 40.

Burnley appealed the Board's decision to the Veterans Court. The Veterans Court affirmed the Board's determination, holding that the Board's credibility determinations "are not clearly erroneous and are supported by adequate reasons." S.A. 1.

Burnley appeals to our court.

## DISCUSSION

Under 38 U.S.C. § 7292(a), we have jurisdiction to review a decision of the Veterans Court only "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof." Absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Here, Burnley challenges the Board's credibility determinations, emphasizing that "[t]he issue of 'credibility'" is central to this appeal. Appellant Br. 1. Specifically, Burnley appears to argue that the Veterans Court incorrectly weighed the evidence with respect to his claim, in violation of the statutory directive that "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." 38 U.S.C. § 5107. However, under 38 U.S.C. § 7292, "[w]hether the Veterans Court was correct in affirming the Board's credibility determination is a

question of fact beyond this court's jurisdiction." *Gardin v. Shinseki*, 613 F.3d 1374, 1380 (Fed. Cir. 2010); *see also Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of [presented] evidence is not within our appellate jurisdiction.").

Burnley also appears to argue that the Board's credibility determinations constitute a "violat[ion] [of his] due process rights." Appellant Br. 1. Burnley's "characterization of [his case] as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Where an appellant's "allegation, in substance, amounts to no more than an allegation that the Board and Veterans Court erroneously weighed the facts, it is constitutional in name only, and this court lacks jurisdiction." *Howlett v. Shinseki*, 431 F. App'x 925, 928 (Fed. Cir. 2011).

We have considered the appellant's remaining arguments and find them without merit. We dismiss Burnley's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.