UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-3287

LARRY D. ERVIN, Appellant,

v.

ERIC K. SHINSEKI,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued December 8, 2010                                        Decided March 9, 2011)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*James R. Drysdale*, with whom *Will A. Gunn*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Richard Mayerick*, Deputy Assistant General Counsel, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, DAVIS, and SCHOELEN, *Judges*.

DAVIS, *Judge*: On July 19, 2010, this Court set aside a June 18, 2008, Board of Veterans' Appeals (Board) decision to the extent it denied the appellant, Larry D. Ervin, service connection for a chronic acquired psychiatric disorder that had been variously diagnosed. *Ervin v. Shinseki*, U.S. Vet. App. No. 08-3287 (mem. Dec. July 19, 2010). The Court also affirmed the Board's denial of service connection for post-traumatic stress disorder (PTSD). *Id.* at 4-5.

On July 13, 2010, before the Court issued that decision, VA published final notice of its amendment to 38 C.F.R. § 3.304(f), and the regulation became immediately effective and expressly applicable to cases pending before VA on July 13, 2010. 75 Fed. Reg. 39,843-52 (2010).[1] The amendment is "liberalizing" in that it allows, in some circumstances, for a noncombat veteran's lay testimony to establish the occurrence of a claimed stressor so long as a psychiatrist or psychologist

---

[1] On July 15, 2010, VA issued a correction to the effective date noted in the final rule from July 12, 2010, to July 13, 2010. 75 Fed. Reg. 41,092 (July 15, 2010). In subsequent references to the final rule, the Court will use the correct effective date of July 13, 2010.

confirms that the testimony is sufficient to support a PTSD diagnosis and that symptoms are related to that stressor. 75 Fed. Reg. at 39,843. In light of the promulgation of this rule, the appellant filed a motion for single-judge reconsideration or, in the alternative, referral for a panel decision. Accordingly, the panel is now presented with the question whether, given that the Secretary clearly intended that the newly amended 38 C.F.R. § 3.304(f) be applicable to cases pending before VA, the Court should apply the amendment to Mr. Ervin's claim because it was pending before this Court on July 13, 2010. For the reasons that follow, the Court will withdraw the July 19, 2010, single-judge decision and issue this opinion in its stead. The Court will set aside the June 18, 2008, Board decision and remand Mr. Ervin's claim for VA to consider the newly amended regulation.

## I. BACKGROUND

Larry D. Ervin served on active duty in the U.S. Navy from April 1970 to December 1970. Mr. Ervin claims that while he was in basic training, he was on a tower that fell, causing him to plunge into deep water and nearly drown. He contends that this incident was extremely traumatic. Record (R.) at 73. After service, he applied for service connection for PTSD. Following an appeal of VA's denial of that claim, the Board, on June 18, 2008, found that

> the veteran has not submitted sufficient evidence to allow for verification of his claimed stressors. The Board again notes that a noncombat veteran's testimony alone does not qualify as credible supporting evidence of occurrence of an in-service stressor as required by 38 C.F.R. § 3.304(f). The diagnoses of service-related PTSD are unsupported by the record, based as they were on unreliable and unverified information provided by the veteran. The Board is not required to accept a veteran's uncorroborated account of his military experiences or the opinions of psychiatrists or psychologists that are based on such an uncorroborated history provided by the veteran.

R. at 20 (citation omitted).

Until the 2010 amendment to § 3.304(f)(3), lay testimony alone was insufficient to confirm the existence of a claimed in-service stressor for a noncombat veteran. 38 C.F.R. § 3.304(f) (2009); *see Sizemore v. Principi*, 18 Vet.App. 264, 269-70 (2004). The amended version of 38 C.F.R. § 3.304(f)(3)(2010), however, now provides that

> [i]f a stressor claimed by a veteran is related to the veteran's fear of hostile

2

military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. For purposes of this paragraph, "fear of hostile military or terrorist activity" means that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror.

75 Fed. Reg. at 39,852 (to be codified at 38 C.F.R. § 3.304(f)(3)). This final rule stated that it expressly applies to an application for service connection for PTSD that

[(A.)] Is received by VA on or after July 13, 2010;

[(B.)] Was received by VA before July 13, 2010 but has not been decided by a VA regional office as of that date;

[(C.)] is appealed to the Board of Veterans' Appeals (Board) on or after July 13, 2010;

[(D.)] Was appealed to the Board before July 13, 2010 but has not been decided by the Board as of that date; or

[(E.)] Is pending before VA on or after July 13, 2010 *because the Court of Appeals for Veterans Claims (Veterans Court) vacated a Board decision on the application and remanded it for readjudication.*

75 Fed. Reg. 39,843 (emphasis added).

If the Court determines that VA should consider the applicability of this 2010 amendment to Mr. Ervin's claim, the Board's rationale for denying service connection on June 18, 2008, would be inadequate because the amended regulation provides that a veteran's noncombat testimony alone can be credible supporting evidence of an in-service stressor.[2]

---

[2] The Court makes no decision as to whether the factual basis for the appellant's claim of PTSD falls within the ambit of the revised regulation. That factual determination would first have to be made by the Board upon a remand.

3

## II. ARGUMENT OF THE PARTIES

Mr. Ervin argues that VA's amended regulation applies to his claim, and that, therefore, his lay testimony may now be sufficient to establish the occurrence of an in-service stressor. Citing *Karnas v. Derwinski*, 1 Vet.App. 308 (1991), he contends that, where a regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version more favorable to appellant should apply. Appellant's Motion for Reconsideration at 3. He acknowledges that subsequent cases modified the holding in *Karnas*; however, he avers that those cases dealt with whether a new law could be applied retroactively where the law did not expressly mention retroactivity. Appellant's Motion for Reconsideration at 3-4 (citing *Kuzma v. Principi*, 341 F.3d 1327 (2003); *Dyment v. Principi*, 287 F.3d 1377 (2002); and *Bernklau v. Principi*, 291 F.3d 795 (2002)). He contends that, in this case, VA clearly intended that the 2010 amendment would have specific retroactive effect to certain pending claims, and thus, the Court should apply the law in effect at the time it renders its decision (i.e., here the 2010 amendment to § 3.304(f)). Consequently, he argues that the Court should remand this case for readjudication based on a liberalizing change in the law favorable to his claim.

The Secretary responds that, to the extent that it is relevant here, *Karnas* has been overruled, and thus Mr. Ervin's contention that *Karnas* applies is without merit. Secretary's Response at 2 (citing *Kuzma, supra*). The Secretary argues that *Kuzma* held that laws cannot be applied retroactively unless the express language of the law requires it. Here, he argues that regarding appeals pending before the Court, VA has provided plain authoritative direction in the 2010 amendment that retroactivity does not apply. Specifically, he urges the Court to read the specific omission of "cases pending before the Court" from the language in the 2010 amendment regarding "Applicability Date" as a signal of the Secretary's intent not to provide a retroactive effect to such claims. The Secretary insists that the new regulation is only to be applied if the Court were to have first found remandable error based on the pre-amendment regulation.

## III. ANALYSIS

In determining whether the 2010 amendment applies to cases pending before the Court, precedent from the U.S. Supreme Court and the U.S. Court of Appeals for the Federal Circuit

(Federal Circuit) guides our analysis. In *Kuzma*, the Federal Circuit expressly overruled *Karnas* to the extent that its application would conflict with binding authority from the Federal Circuit or the Supreme Court. *See Tarver v. Shinseki*, 557 F.3d 1371, 1377 (Fed. Cir. 2009). Whatever remains of *Karnas*, the caselaw is clear that a regulation is not to be applied retroactively unless the regulation is intended to be retroactive. *See Kuzma*, 341 F.3d at 1328 ("'congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.'" (quoting *See Landgraf v. USI Film Prods*., 511 U.S. 244, 272 (1994))). Therefore, when a veteran's claim implicates a statute or regulation enacted during the pendency of that claim, the first task is to determine whether the statute or regulation expressly speaks to its temporal reach. *See Landgraf*, 511 U.S. at 280. It is only where the statute or regulation contains no such express command that a court must determine whether the new statute or regulation "would have retroactive effect." *Id*. A statute or regulation will have an impermissible retroactive effect if its application "would impair rights a party possessed when he acted." *Id*.

If VA did expressly speak to the temporal reach of the regulation, then the Court should apply the regulation as indicated by the language of the regulation. If VA did not expressly speak to the temporal reach of the regulation, then the question is whether the application of the regulation would have an impermissible retroactive effect. *See id.* at 280. Especially relevant here, where the intent for retroactive application is clear in a law that has changed favorably for an appellant, appellate courts are directed "'to apply the law in effect at the time it renders its decision,'" unless doing so would result in manifest injustice. *Id.* at 264 (quoting *Bradley v. Sch. Bd. of City of Richmond*, 416 U.S. 696, 711 (1974)); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 226 (1995); *Thorpe v. Hous. Auth. of City of Durham,* 393 U.S. 268, 282 (1969). Importantly, "[this rule] applies with equal force where the change is made by an administrative agency acting pursuant to legislative authorization." *Id.* at 282.

Here, if the Court deems the Secretary's intent for retroactive application to be clear, then the Court has clear directive from the Supreme Court to apply the favorable regulation to cases pending when the regulation was promulgated. The question, therefore, centers around the Secretary's intent.

In the instant case, the Secretary's intent can be determined by the language in the final rule because the Secretary expressly spoke to the temporal reach. In the final rule, the Secretary stated

5

that the amended regulation would apply to applications for service connection for PTSD that were pending at VA on the effective date of the amended regulation, July 13, 2010, whether the cases were pending at the regional office (RO), pending at the Board, and not yet decided by the Board or pending at the RO or Board after a remand from the Court. 75 Fed. Reg. at 39,843. In addition, the Secretary concedes that the regulatory history "expressly contemplates retroactive application of the amendment." Oct. 1, 2010, Secretary's Response at 3. Although the Secretary expressly made the regulation retroactive to cases pending at VA, he now argues to this Court that certain pending cases, such as those pending before the Court, are not eligible for the application of the regulation. As support, he argues that the regulation itself does not expressly state that it applies to cases pending before the Court on July 13, 2010. *See* 75 Fed. Reg. at 39,843. However, the Court does not take the rule's silence with respect to cases pending at the Court to mean that the amendment does not apply to cases before the Court. Instead, the absence of language in the final rule concerning cases pending at the Court supports the understanding that the Secretary believed he lacked authority to dictate to the Court that a certain case or group of cases be remanded for application of the regulation. In this regard, both parties agreed at oral argument that the Secretary cannot regulate the Court's treatment of its pending cases. *See* 38 U.S.C. § 501(a) (providing that "[t]he Secretary has authority to prescribe all rules and regulations which are necessary or appropriate to carry out the laws administered by the Department and are consistent with those laws"). Therefore, while the omission of reference to the Court in the regulation may have been purposeful, no intent can be read from this other than the Secretary's tacit acknowledgment of the statutory confines of his authority.

A conclusion that the amended regulation applies to cases pending before the Court on the effective date of the final rule is consistent with the Secretary's position in *Kakuk v. Shinseki*, No. 2010-7023, 2011 U.S. App. Lexis 2594 (Fed. Cir. Feb. 9, 2011) (nonprecedential order), which involved a final rule that expressly stated that it, too, applied to cases pending at VA on the date of publication of the final rule and was silent as to its application to cases pending at a court. There, the Secretary filed a motion to vacate the decision of this Court and to direct this Court to remand the matter to the Board and RO for consideration of a final rule affording a presumption of service connection for Parkinson's Disease based upon exposure to herbicides. *Kakuk*, 2011 U.S. App. Lexis 2594, at *1. The Federal Circuit granted the Secretary's motion. *Id.* at *2. Significantly, the final

6

rule was promulgated on August 31, 2010, while the appeal was pending at the Federal Circuit. The final rule contained the following description regarding its application:

> Applicability Date: This final rule shall apply to claims received by VA on or after the date of publication of the final rule in the Federal Register and to claims pending before VA on that date. Additionally, VA will apply this rule in readjudicating certain previously denied claims as required by court orders in Nehmer v. Department of Veterans Affairs, No. CV-86-6161 TEH (N.D. Cal.) (Nehmer).

75 Fed. Reg. 53,202 (Aug. 31, 2010). Accordingly, language in the final rule expressly stated that it applied to claims pending on the date of the rule, and the absence of language in the final rule specifically concerning its application to cases pending *at the court* did not detract from application of the regulation to *all pending cases*, including those pending at the courts.

The Secretary next argues that the new regulation applies to decisions pending before the Court only in cases where the Court finds remandable error based on the pre-amendment regulation. Secretary's Response at 3. The Secretary's argument is based solely on the rule's language that "[t]his final rule applies to an application for service connection for PTSD that . . . is pending before VA on or after July 13, 2010[,] because the Court of Appeals for Veterans Claims (Veterans Court) vacated a Board decision on the application and remanded it for readjudication." *See* 75 Fed. Reg. 39, 843. However, the regulation contains no express requirement that the Court find an error based on the pre-amendment regulation and the Court finds no reason to imply such a prerequisite. Simply because a Board decision was "vacated" does not necessarily imply that vacatur resulted from error. *See Gordon v. Principi*, 15 Vet.App. 124 (2001) (vacatur and remand for Board to consider in first instance applicability of regulation and to make any required factual determinations as to whether the appellant meets the requirements of the regulation); *see also Gordon v. Principi*, 17 Vet.App. 221, 224 (2003) (denying the application for attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), based on holding that disposition of underlying merits decision *was not predicated upon administrative error*, and therefore, the appellant was not an EAJA prevailing party).

The regulatory history or supplementary information accompanying the final rule, while silent as to cases pending before the Court, provides some insight into the Secretary's intent. *See* 75 Fed. Reg. 39,843-852. Specifically, in revising § 3.304(f), the Secretary identified that

"[i]mprove[d] timeliness, consistent decision-making, and *equitable resolution of PTSD claims* are the intended results of the revised regulation." 74 Fed. Reg. 42,617, 42,618 (2009) (emphasis added). From this stated purpose, this Court can discern that equity is a main goal of this newly amended regulation. Therefore, the Secretary's litigation position that the regulation is to apply to claims pending before the Board and to those remanded by the Court for error based on the prior regulation, but not to those pending before this Court on July 13, 2010, is inconsistent with the stated purpose of the amendment. *See* 74 Fed. Reg. at 42,618. In effect, the Secretary's interpretation would deprive hundreds of veterans the benefit of the more liberal PTSD evidentiary standards while others could benefit merely because of their place in the appeals process. Applying the amended regulation to cases pending at the Court at the time of the promulgation in July 2010, however, is consistent with the stated purpose of the new rule.

In addition, the regulatory history included a discussion of the "Applicability Date," which sheds light on the concerns of the Secretary at the time of the rule's promulgation. 75 Fed. Reg. 39,850-51. There, the Secretary responded to commenters who "suggested that the rule should be applied retroactively to claims that were *finally denied by VA* before the effective date of the regulation [(July 13, 2010)]." *Id.* at 39,851 (emphasis added). The Secretary stated: "We do not adopt these suggestions." *Id.* Significant, however, is the reason proffered by the Secretary. The asserted reason in the regulatory history is based on the Secretary's interpretation of when a claim is "finally" decided as discussed in *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc). The Secretary stated:

> Congress has provided that, once a decision on a claim for veterans benefits becomes "final," "the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with [title 38, U.S. Code]." 38 U.S.C. [§] 7105(c). There are only two exceptions to this statutory rule of finality. *Cook* , [318 F.3d at 1339]. The Secretary must reopen a previously denied claim if new and material evidence is submitted, and a final VA decision is subject to revision based on clear and unmistakable error. 38 U.S.C. [§§] 5108, 5109A, and 7111. Whether a final decision involves clear and unmistakable error is determined under the law that was in effect when the decision was made. *Russell v. Principi*, 3 Vet. App. 310, 313-14 (1992) (en banc). This rule was not and will not have been in effect for a claim that was finally denied before the rule's effective date. *Therefore, VA will not apply the rule to claims that were finally denied before the effective date of the rule unless new and material evidence is submitted.*

8

75 Fed. Reg. 39,851 (emphasis added).

Our caselaw also establishes that a claim is not finally decided where the appellant files a timely appeal from a Board denial of the claim. *See e.g.*, *May v. Nicholson*, 19 Vet.App. 310, 317 (2005) (noting that "a CUE [clear and unmistakable error] claim (or any collateral attack) cannot lie as to a decision that is still open to direct review" and that "'finality' for the purposes of the availability of judicial review is not the same 'finality' that enables an appellant to file a CUE claim or other collateral attack" (emphasis omitted)). Cases currently pending on appeal before the Court are not final until "the expiration of the time allowed for filing . . . a [N]otice of [A]ppeal" from the Court's decision in the case or at a later date if a timely appeal is taken. 38 U.S.C. § 7291(a). Mr. Ervin's case was on appeal before this Court on July 13, 2010, when the new regulation was promulgated. In such cases, the Board decision is not final and the claim is pending.[3] Accordingly, whether the claim was pending before VA on remand from the Court on or after July 13, 2010, or the claim was pending on appeal before this Court on July 13, 2010, under both circumstances, the claim has not yet been "finally" decided when the regulation was promulgated. To the extent the Secretary relies on the concept of finality to restrict application of the amended regulation, the argument is without merit.

The Court notes that despite a procedural similarity, this case is distinguishable from the circumstances in *Bernklau*, *supra*, which addressed section 3(a) of the Veterans Claims Assistance Act of 2000 (VCAA) (pertaining to VA's duties to notify and to assist). Both cases involve a proceeding that was complete before the Agency, but which was on appeal at the Court at the time the new law or regulation was enacted or promulgated. In *Bernklau*, the Federal Circuit concluded that section 3(a) of the VCAA, Pub. L. No. 106-475, 114 Stat. 2096, 2096-2097, did not apply

---

[3]Where, however, proceedings before VA are complete (i.e., the Board has issued a decision) and the claimant had not yet filed a notice of appeal to this Court from the final Board decision at the time of enactment of the new law (i.e., the notice of appeal is filed within 120 days of Board decision but after the enactment of new law), the Board decision is final and the Court cannot remand for application of the new law if the new law was not intended to be given retroactive effect. *See Hayslip v. Principi*, 364 F.3d 1321, 1326 (Fed. Cir. 2004) (holding that this Court erred in remanding claim for application of section 3(a) of the VCAA). Our discussion of finality above is not inconsistent with *Hayslip* because of the procedural distinction between the two cases – in *Hayslip* the discussion of the finality of the Board decision hinged on whether a notice of appeal had been filed at the time of the enactment of the VCAA and here there is no dispute that the regulation was promulgated after the notice of appeal had been filed. In any event, regardless of this distinction, *Hayslip* is not helpful because here, as discussed below, we are dealing with a regulation that was intended to be given retroactive effect.

retroactively to require that proceedings that were complete before VA and were on appeal to this Court be remanded for readjudication under the new statute. 291 F.3d at 806. The Federal Circuit reasoned that section 3(a), unlike section 4 of the VCAA (pertaining to the elimination of the well-grounded claim requirement), was not intended by Congress to be given retroactive effect. *Id.* The Federal Circuit noted that section 7 of the VCAA specifically required only the application of section 4 to pending claims, and the Federal Circuit noted that no provision of the VCAA deals specifically with whether section 3(a) of the VCAA "should apply to non-final proceedings on direct appeal." *Id.* at 805. The Federal Circuit concluded that there was "no clear direction by Congress to apply section 3(a) of the VCAA retroactively to open proceedings." *Id.* at 806. The Federal Circuit, therefore, applied the "normal rules of statutory construction" and the judicial principle that requires a court to avoid retroactivity. *Id.*

Unlike section 3(a) of the VCAA, the regulatory history accompanying the July 2010 provisions at issue here expressly speaks to the provision's temporal reach, and, as conceded by the Secretary, "expressly contemplate[s] retroactive application of the amendment." Given the stated purpose of the amendment, and given that the Secretary has clearly stated that the amendment to 38 C.F.R. § 3.304(f) applies retroactively to cases pending at VA on or after July 13, 2010, the Court concludes that the Secretary's intent for retroactive application is clear and the Court will follow the Supreme Court's directive to apply the law in existence at the time of our decision. *See Landgraf, Bradley,* and *Thorpe*, all *supra*. Accordingly, the Court will set aside the Board decision and remand the matter for consideration by the Board of the amended version of § 3.304(f). The Court notes that where, as here, the evidence includes a current diagnosis of PTSD but the Board denied the claim because there was no corroboration of the asserted stressor in service, a remand is warranted.

In so holding, the Court is not persuaded by the Secretary's contention that, because he promulgated the regulation, we should afford deference to his current position before the Court. The Secretary's interpretations of his rules and regulations will only be given deference as long as they are not inconsistent with the regulation or otherwise plainly erroneous. *Smith v. Nicholson*, 451 F.3d 1344, 1349 (Fed. Cir. 2006). The Secretary may not attempt to subvert the plain language of the regulation simply by adopting a litigating position contrary to it. *See Auer v. Robbins*, 519 U.S. 452, 462 (1997) (holding that agency positions adopted in response to litigation, or those adopted as a

"'post hoc rationalization' advanced by an agency seeking to defend past agency action against attack" are not entitled to deference from the Court (quoting *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212 (1988))); *Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 156 ("'[L]itigating positions' are not entitled to deference when they are merely appellate counsel's 'post hoc rationalizations' for agency action, advanced for the first time in the reviewing court."). The plain language of the final rule regarding applicability does not limit the new regulation to those cases before this Court that have been remanded because of error, and the Secretary cites nothing in support of such interpretation. Because the Secretary fails to distinguish his litigation position from a mere post hoc rationalization, the Court will not afford the Secretary's position deference here.

Finally, because we have determined that the Secretary's intent to give a general retroactive application to the regulation is clear, the three-part test prescribed in *Princess Cruises, Inc. v. United States* – used for determining whether a regulation would have an impermissible retroactive effect if applied to cases pending at the time a regulation was promulgated – is not for application. *See* 397 F.3d 1358 (Fed. Cir. 2005);[4] *see also Rodriguez v. Peake*, 511 F.3d 1147 (Fed. Cir. 2008) (holding that application of three-part test in *Princess Cruises* was appropriate to determine whether the amended regulation, which did not speak to the temporal reach of the regulation and which eliminated claims for dependency and indemnity compensation benefits under the "hypothetical entitlement" theory, has an impermissible retroactive effect, and holding that the amended regulation did not have an unlawful retroactive effect under that test and, therefore, appling it to cases pending at VA at the time the amended regulation took effect).

Additionally, while the Court recognizes the questions raised by the parties with regard to the continuing viability of the Court's holding in *Karnas, supra*, the Court concludes that reaching that issue in this case is unnecessary. The Court applies *Landgraf*, *Bradley*, and *Thorpe* in deciding that the newly amended regulation applies to Mr. Ervin's claim; consequently, the Court need not

---

[3]The Federal Circuit provided guidance in *Princess Cruises* where the lawmaker's intent regarding retroactivity was unclear. In determining whether the regulation at issue has an impermissible retroactive effect, the test in the *Princess Cruises* considers (1) the nature and extent of the change in law, (2) the degree of connection between the operation of the new rule and a relevant past event, and (3) familiar considerations of fair notice, reasonable reliance, and settled expectations. 397 F.3d at 1364-67. The intent of the Secretary to provide retroactivity, however, to this regulation is clear and thus the considerations set forth by the Federal Circuit in *Princess Cruises* are not relevant here.

resolve the parties' dispute regarding *Karnas*.

## IV.  CONCLUSION

On consideration of the foregoing, the July 19, 2010, Court decision is WITHDRAWN and this opinion is issued in its stead.  The Court SETS ASIDE the Board's June 18, 2008, decision and REMANDS Mr. Ervin's service-connection claim for PTSD for further development and readjudication consistent with this opinion.