NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. BELCHER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI,**
**SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7181

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-622, Judge William P. Greene, Jr.

---

Decided: July 24, 2012

---

ZACHARY M. STOLZ, Chisholm Chisholm & Kilpatrick, LLP, of Providence, Rhode Island, argued for claimant-appellant. Of counsel was THOMAS R. BENDER.

STACEY K. GRIGSBY, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and DANA RAFFAELLI, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LOURIE, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

## INTRODUCTION

Veteran Robert L. Belcher ("Belcher") appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") in *Belcher v. Shinseki*, No. 09-0622, 2010 WL 5377718 (Vet. App. Dec. 21, 2010).  In its decision, the Veterans Court affirmed the December 12, 2008 decision of the Board of Veterans' Appeals ("Board") that denied service connection for post-traumatic stress disorder ("PTSD").  Specifically, the Board denied Mr. Belcher's claimed in-service stressors finding that they could not be corroborated. *Belcher*, 2010 WL 5377718, at *1.  We dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Belcher served on active duty with the Marine Corps from November 1952 to October 1955.  On September 8, 2005, he filed a claim for disability compensation for PTSD.  Mr. Belcher claimed that his PTSD stems from two incidents or stressors: (1) a near drowning experience in a swimming pool during boot camp; and (2) an amphibious landing training in Iwo Jima where Mr. Belcher and several others fell into the ocean.  On March 14, 2006, a Department of Veterans Affairs regional office ("RO") denied the claim, finding that his claimed stressors could

not be corroborated and that he lacked a confirmed diagnosis of PTSD. In response to the decision, Mr. Belcher filed a notice of disagreement and requested a hearing before a decision review officer. On April 10, 2007, the RO issued a statement of the case, denying the claim for lack of evidence corroborating the occurrence of the alleged in-service stressors.

Mr. Belcher appealed to the Board. Upon acknowledging that Mr. Belcher had a provisional diagnosis of PTSD,[1] the Board began its analysis with a discussion of Mr. Belcher's claimed stressors. The Board found that the record, including testimony from Mr. Belcher, his wife, and friends, did not contain credible supporting evidence that his claimed stressors occurred. To begin, the Board determined that Mr. Belcher did not engage in combat and, thus, could not avail himself of the more relaxed evidentiary standard for combat-related stressors under 38 U.S.C. § 3.304(f). With respect to his claimed stressors, the Board explained that the boot camp incident was anecdotal in nature, and as a result, unverifiable. The Board also found no evidence in the record to support Mr. Belcher's account of the amphibious landing exercise. Therefore, on December 12, 2008, the Board denied Mr. Belcher's claim for entitlement to disability compensation for PTSD.

On appeal to the Veterans Court, Mr. Belcher argued that the Board failed to provide an adequate statement of reasons or bases for its determination that his claimed in-

---

[1] According to 38 C.F.R. § 3.304(f), service connection for PTSD requires: (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) of this chapter; (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred.

service stressor, related to the alleged events in Iwo Jima, could not be corroborated. *Belcher*, 2010 WL 5377718, at *1. In particular, he argued that his stressor was verified by: (1) his lay statements that allege that he fell from a ship near Iwo Jima, cut his hand, and nearly drowned; (2) records that show he was on a ship near Iwo Jima; and (3) evidence of a scar on his hand at separation from duty. *Id.* The Veterans Court affirmed the December 2008 Board decision. Mr. Belcher timely appealed his case to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292(a). We have jurisdiction to review a decision of the Veterans Court "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Our authority extends to deciding all relevant questions of law, and we can set aside a regulation or an interpretation of a regulation relied upon by the Veterans Court when we find it to be "arbitrary, capricious, and an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observance of procedure required by law." *Jones v. West*, 194 F.3d 1345, 1350 (Fed. Cir. 1999); *see* 38 U.S.C. § 7292(d)(1). This court's jurisdiction, however, does not extend to the ability to review factual determinations or the application of a law or regulation to a particular set of facts unless a constitutional issue is presented. 38 U.S.C. § 7292(d)(2).

Here, the Veterans Court found that the "record failed to reveal documentation of the triggering event or any records of Mr. Belcher's medical treatment following the incident." *Belcher*, 2010 WL 5377718, at *1. For example, although recognizing that Mr. Belcher has a scar on his hand and that he was stationed aboard a ship near Iwo Jima, the Veterans Court determined that these facts do not serve to corroborate the alleged in-service event claimed to be the triggering stressor. *Id.* The Veterans Court did not require corroboration of every detail of the alleged stressor, but nevertheless, concluded that the evidence presented was insufficient to provide support that he fell from a ship, nearly drowned, and injured his hand. *Id.* Thus, the Veterans Court held that the Board's finding was plausibly based on all of the evidence of record and supported by an adequate statement of reasons or bases. *Id.*

We have no jurisdiction over this case because the Veterans Court's decision was based on factual determinations and/or the application of a law or regulation to a particular set of facts. Under the guise of a legal challenge, Mr. Belcher contends that the Veterans Court applied "too stringent a standard under both 38 U.S.C. § 1154(a) and 38 C.F.R. § 3.304(f)." Specifically, he argues that the Veterans Court erred by requiring "meaningful support" to his allegation that he fell from a ship, nearly drowned, and injured his hand when the statute and regulation require only "credible supporting" evidence that the stressor occurred. The Veterans Court's use of the word "meaningful" as opposed to "credible," however, is a distinction without a difference in this instance. A review of the Veterans Court's decision shows it did not interpret a rule of law or any statute or regulation or any interpretation thereof. Rather, the Veterans Court affirmed the Board's finding that the evidence did not

support Mr. Belcher's claimed non-combat related stressor. Thus, Mr. Belcher's arguments merely challenge the weight given to the evidence, which we lack jurisdiction to review. *See, e.g.*, *Maxson v. Gober*, 230 F.3d 1330, 1333 (Fed. Cir. 2000) ("The weighing of this evidence is not within our appellate jurisdiction."). This appeal is therefore dismissed.

## DISMISSED

No costs.