# United States Court of Appeals for the Federal Circuit

―――――――――――

**CHARLES L. KAYS, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT D. SNYDER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

―――――――――――

2016-1314

―――――――――――

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1859, Judge Alan G. Lance Sr.

―――――――――――

Decided: January 25, 2017

―――――――――――

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

MARTIN M. TOMLINSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, MARTIE ADELMAN, Office of General Counsel, Department of Veterans Affairs, Washington, DC.

―――――――――――

Before REYNA, TARANTO, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Charles L. Kays appeals from a final judgment of the United States Court of Appeals for Veterans Claims. The Veterans Court affirmed a Board of Veterans' Appeals decision denying Mr. Kays's claim for disability compensation for post-traumatic stress disorder because he failed to establish credible evidence of the in-service stressor necessary to support a PTSD claim. On appeal, Mr. Kays challenges the Veterans Court's decision regarding the in-service stressor and, particularly, the standard of review it applied to the Board's finding regarding the claimed stressor. Because the Veterans Court applied the correct standard of review, and because it correctly determined that the regulations require credible supporting evidence that the claimed in-service stressor occurred to the veteran, we affirm.

I

Mr. Kays served in the United States Navy from August 1972 to August 1976. In 2005, he filed a claim with the Department of Veterans Affairs for benefits for disability caused by PTSD. He alleged that two non-combat stressors during his service caused his PTSD. First, he claims that he was stabbed during a fight as he left an Enlisted Men's Club. Second, he claims that while he was off-duty and taking diving lessons, he was asked to help with the recovery effort of a downed civilian helicopter. When he dove into the water, he was separated from the group and became stressed and scared.

To establish that the alleged in-service stressors occurred, Mr. Kays submitted statements, records, and in-person testimony about the events surrounding the stabbing and the helicopter incident. Mr. Kays also submitted a newspaper article entitled "Fatal 'Copter Crash Probed" and dated Monday, January 12, 1976. J.A. 192. The

article describes how the Maryland state and marine police investigated a helicopter crash that occurred the preceding Friday. The pilot died three hours after the accident and a helicopter mechanic was treated for exposure and later released from a local hospital. The article did not mention that any civilian diving students were involved with rescue efforts.

In 2005, the Regional Office denied Mr. Kays's claim for service connection for PTSD, and in 2007, the Board of Veterans Appeals (Board) remanded for further development of the record. The Regional Office again denied the PTSD claim and, in 2010, the Board affirmed that decision. While this case was pending appeal at the Veterans Court, the pertinent regulation, 38 C.F.R. § 3.304(f), was amended and the Veterans Court issued a decision holding that the amendments to § 3.304(f) were retroactive. *See Ervin v. Shinseki*, 24 Vet. App. 318 (2011). At the parties' request, the Veterans Court remanded this case to the Board.

The Board subsequently denied Mr. Kays's claim for compensation because he did not present credible evidence establishing that the claimed stressors occurred. Specifically, the Board found that statements by Mr. Kays and his former spouse about the alleged stabbing were not credible because they were unsupported and contradicted by other evidence in the record. The Board also found that Mr. Kays's testimony about his involvement in a traumatizing search and rescue was not credible because of the lack of supporting detail in the article, his delay in reporting the event, and his changing and inconsistent story.

Mr. Kays appealed to the Veterans Court, arguing that it should review de novo the Board's decision on whether a veteran has submitted credible supporting evidence that a claimed in-service stressor occurred. The Veterans Court disagreed and found the Board's decision

to be a question of fact reviewed under the clearly errone-
ous standard. Mr. Kays appeals. We have jurisdiction
pursuant to 38 U.S.C. §§ 7292(a), (c), (d)(1).

## II

We review questions of statutory and regulatory in-
terpretation de novo. *Blubaugh v. McDonald*, 773 F.3d
1310, 1312 (Fed. Cir. 2014). A non-combat veteran seek-
ing to establish service connection for PTSD must estab-
lish (1) a current medical diagnosis of PTSD; (2) a link
between the current symptoms and an in-service stressor;
and (3) "credible supporting evidence that the claimed in-
service stressor occurred." 38 C.F.R. § 3.304(f). At issue
here is the third requirement—whether there is credible
supporting evidence that the claimed stressor actually
occurred. That is a factual determination, to be made in
the first instance by the Board, and reviewed by the
Veterans Court under a clearly erroneous standard. *See,
e.g.*, *Sizemore v. Principi*, 18 Vet. App. 264, 270 (2004)
("Whether a veteran has submitted sufficient corrobora-
tive evidence of his or her claimed in-service stressors is
also a factual determination that is reviewed under th[e]
[clearly erroneous] standard."). Mr. Kays argues, howev-
er, that rather than a factual determination reviewed for
clear error, the credible supporting evidence requirement
is an "evidentiary burden" that should be reviewed de
novo by the Veterans Court. *See, e.g.*, Appellant's Br. 7;
Appellant's Reply Br. 2–10. We disagree.

As an initial matter, the language of the regulation
makes clear that the credible supporting evidence re-
quirement imposes a burden on the veteran to demon-
strate      that      the      claimed      stressor      occurred—a
quintessential factual inquiry. In similar cases, we have
rejected the argument that a veteran meets this burden
by pointing to any evidence. Instead, we have recognized
that when a statute or regulation requires a veteran to
demonstrate proof of an injury or event, the veteran must

put forth sufficient evidence to show that "it was at least as likely as not that" the event or injury occurred. *Holton v. Shinseki*, 557 F.3d 1362, 1370 (Fed. Cir. 2009). Further, we have held that once such evidence is submitted, it is incumbent on the Board to "evaluate the weight of the evidence." *Id.* That evaluation and subsequent determination of whether an event occurred is precisely the type of factual determination that the Board is tasked with making. And that the Veterans Court reviews for clear error. *Sizemore*, 18 Vet. App. at 270.

Likewise, in *Lennox v. Principi*, 353 F.3d 941, 945 (Fed. Cir. 2003), we rejected a similar argument that the Veterans Court should always review de novo a finding of no service connection. We explained that de novo review may be performed by the Veterans Court only when the Board (1) has explicitly interpreted a statute or regulation "concerning the correct standard for service connection," *id.*, or (2) is "establishing a legal rule to be applied to similar fact situations in future cases," *id.* at 946. When the Board is deciding disputed facts or applying established law to the facts of a case, we held that those decisions are "subject to review by the [Veterans Court] under the clearly erroneous standard . . . ." *Id.* at 945.

In this case, the Board did not explicitly interpret a statute or regulation concerning the correct standard for service connection or make a legal rule to apply in future cases on the amount of evidence necessary for there to be "credible supporting evidence." Rather, it applied established law to the specific facts of this case to find Mr. Kays had not provided "credible supporting evidence." In other words, the Board made quintessential factual determinations regarding Mr. Kays's evidence, statements, and credibility, and found that he was not entitled to service connection. J.A. 164–75. The Veterans Court appropriately reviewed these factual determinations under the clearly erroneous standard.

At oral argument, Mr. Kays appeared to raise a slightly different argument relating to why the Veterans Court's decision affirming the Board should be reversed. *See, e.g.*, Oral Argument at 5:51–6:03, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-1314.mp3. According to Mr. Kays, § 3.304(f)'s requirement to provide "credible supporting evidence that the claimed in-service stressor occurred" requires only evidence that the "stressor occurred," not that it occurred *to the veteran*. Mr. Kays argues that § 3.304(f)'s requirement that there be "a current medical diagnosis of PTSD" ensures a nexus between the stressor and the veteran. Thus, under Mr. Kays's view of § 3.304(f), he needed to provide evidence only that a helicopter crash occurred, but did not need to provide any evidence that he got lost participating in search and rescue activities.

We find Mr. Kays's interpretation of § 3.304(f) unpersuasive. The regulation requires "credible supporting evidence that the *claimed* in-service stressor occurred." 38 C.F.R. § 3.304(f) (emphasis added). Here, Mr. Kays claimed that his in-service stressor was getting lost while participating in search and rescue activities after a civilian helicopter crash. Accordingly, § 3.304(f) required Mr. Kays to submit credible evidence that he was involved in search and rescue activities and not simply that a civilian helicopter crash occurred.

Furthermore, Mr. Kays's argument—that "a current medical diagnosis of PTSD" assures that the in-service stressor occurred to the veteran—misunderstands the ordinary role of a physician diagnosing PTSD. A physician is not expected to do a detailed investigation of a veteran's claimed in-service stressors. And a physician's diagnosis of PTSD does not necessarily identify what stressor caused it. Indeed, PTSD could result from an event not identified by the veteran. That is why the regulation requires the veteran to separately submit

credible supporting evidence that the *claimed* in-service stressor occurred.

Accordingly, because the Veterans Court applied the proper standard of review, and because § 3.304(f) requires credible supporting evidence that the claimed in-service stressor occurred as claimed by the veteran, we affirm.

## AFFIRMED

No costs.