Loran L. HAYSLIP, Claimant–
Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Cross–Appellant.

Nos. 03–7101, 03–7102.

United States Court of Appeals,
Federal Circuit.

DECIDED: April 9, 2004.

Ronald L. Smith, Disabled Americans, of Washington, DC, argued for claimant-appellant.

Gregory T. Jaeger, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-cross appellant. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.

MAYER, Chief Judge.

Loran L. Hayslip appeals an order of the United States Court of Appeals for Veterans Claims remanding his claim for service-connected disability compensation to the Board of Veterans' Appeals. *Hayslip v. Principi*, No. 01–0269, 2003 WL

76098 (Vet.App. Jan. 2, 2003). The Secretary of Veterans Affairs cross-appeals the remand order claiming that it is an improper retroactive application of the Veterans Claims Assistance Act ("VCAA"), Pub. L. No. 106–475, § 3(a), 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C. § 5103(a)). The Veterans Court remanded because Hayslip did not receive the notice required by the VCAA, 38 U.S.C. § 5103(a). We reverse the order and remand because the court erred when it applied the VCAA retroactively to a proceeding that was final pursuant to 38 U.S.C. § 7103(a).

### Background

Hayslip's appeal arises from a June 1998 rating decision by the Department of Veterans Affairs ("agency") Regional Office in Atlanta, Georgia. In an October 13, 2000, decision, the board denied his request for a disability rating greater than 50 percent for post-traumatic stress disorder. *In re Hayslip*, Docket No. 98–16 195A (Oct. 13, 2000). Less than one month later, on November 9, 2000, the VCAA was enacted imposing new notice and assistance requirements upon the agency.[1] *See Conway v. Principi*, 353 F.3d 1369, 1371–72 (Fed.Cir.2004); *Bernklau v. Principi*, 291 F.3d 795, 802–05 (Fed.Cir.2002). On February 9, 2001, Hayslip timely filed with the Veterans Court a notice of appeal of the board's decision denying his claim for a disability rating increase. In its remand order, the court relied upon our precedent in *Bernklau*, 291 F.3d at 806, and *Dyment v. Principi*, 287 F.3d 1377, 1385 (Fed.Cir. 2002), which held that the sections of the VCAA concerning notice and assistance are not retroactively applicable to proceedings that were "complete" before the agency. The Veterans Court determined that Hayslip's proceedings were not complete and then issued a narrow order requiring the agency to provide additional notice and assistance as required under section 3(a) of the VCAA. The court remanded the case for the board to "reexamine the evidence of record, seek any other evidence ... necessary, and issue a timely, well-supported decision in this case." *Hayslip*, No. 01–0269, 2003 WL 76098 (Vet.App. Jan. 2, 2003). In its order, the Veterans Court did not address the "rule of prejudicial error" as codified at 38 U.S.C. § 7261(b)(2).[2]

The Veterans Court determined that, because Hayslip's 120–day appeal period[3] had not expired before the enactment of the VCAA, and because he had not yet filed his notice of appeal with the Veterans

---

1. Among other things, the VCAA restated the responsibilities and duties of the Secretary with respect to claims for disability compensation filed by veterans and eliminated the well-grounded claim requirement. *See* Pub. L. No. 106–475, 114 Stat. 2096, 2096–97 (Nov. 9, 2000). The portion of section 3(a) of the VCAA relevant to this appeal appears at 38 U.S.C. § 5103(a):

   Upon receipt of a complete or substantially complete application, the Secretary shall notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of that notice, the Secretary shall indicate which portion of that information and evidence, if any, is to be provided by the claimant and which portion, if any, the Secretary ... will attempt to obtain on behalf of the claimant.

2. "In making the determinations under subsection (a), the Court shall review the record of proceedings before the Secretary and the Board of Veterans' Appeals pursuant to section 7252(b) of this title and shall ... (2) take due account of the rule of prejudicial error." 38 U.S.C. § 7261(b)(2).

3. To obtain review, one adversely affected by a board decision must "file a notice of appeal with the [Veterans] Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title." 38 U.S.C. § 7266(a) (2000).

Court, the proceedings before the board were "not final." Therefore the new notice and assistance provisions of section 3(a) of the VCAA were applicable.

During the 120–day appeal period, an otherwise final board decision may be revisited upon a timely order of reconsideration issued pursuant to 38 U.S.C. § 7103.[4] Hayslip did not request reconsideration, however, and the board chairman did not order reconsideration of the board's decision. We accordingly address whether the remand order is an improper retroactive application of the VCAA.

### Discussion

■ Our jurisdiction to review decisions of the Veterans Court is limited to consideration of "the validity of any statute or regulation or any interpretation thereof" that was relied on by the Court in making the decision. 38 U.S.C. § 7292(c) (2000). Unless there is a constitutional issue presented, however, we may not review factual determinations. 38 U.S.C. § 7292(d)(2); *Bernklau*, 291 F.3d at 800 (citations omitted). Our review of this case involves a question of statutory interpretation— namely, when is a board decision "not final" as of the enactment date of the VCAA so that the additional notice and assistance provisions outlined in section 3(a) of the VCAA must be complied with. Although not discussed by the Veterans Court in its order, 38 U.S.C. § 7103(a) and 38 C.F.R. § 20.1100(a),[5] are also implicated. *See*

*Forshey v. Principi*, 284 F.3d 1335, 1350–51 (Fed.Cir.2002) (en banc). Because our review is limited to questions of law, it is *de novo. See Degmetich v. Brown*, 104 F.3d 1328, 1331 (Fed.Cir.1997).

■ We also consider whether review of this non-final remand order is proper under *Williams v. Principi*, 275 F.3d 1361 (Fed.Cir.2002). Generally, we do not entertain appeals in cases that the Veterans Court has remanded to the board, because the remand orders are not final judgments. *Id.* at 1363–64. In *Williams*, we adopted an exception to the finality rule and established criteria to determine whether review is proper:

(1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary;

(2) the resolution of the legal issues must adversely affect the party seeking review; and,

(3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

*Id.* at 1364 (citations omitted).

The remand order in this case satisfies all three criteria. If the order were implemented, the agency would be deprived of the right to an immediate resolution of

---

**4.** Section 7103 discusses two avenues for reconsideration of a board decision: "(a) The decision of the Board determining a matter under section 7102 of this title is final unless the Chairman orders reconsideration of the decision in accordance with subsection (b). Such an order may be made on the Chairman's initiative or upon motion of the claimant." 38 U.S.C. § 7103(a) (2000).

**5.** Section 20.1100, directed to finality of decisions of the board, states that:

All decisions of the Board will be stamped with the date of mailing on the face of the decision. Unless the Chairman of the Board orders reconsideration, and with the exception of matters listed in paragraph (b) of this section, all Board decisions are final on the date stamped on the face of the decision. With the exception of matters listed in paragraph (b) of this section, the decision rendered by the reconsideration Panel in an appeal in which the Chairman has ordered reconsideration is final.

38 C.F.R. § 20.1100(a) (2003).

Hayslip's claim on the existing record. The question of whether the Veterans Court misconstrued 38 U.S.C. § 7103(a) and 38 C.F.R. § 20.1100(a) in determining that the board's decision rendered prior to the enactment of the VCAA was "not final," is a legal issue finally decided by the court. Moreover, upon remand, the agency would be obliged to comply with the order by applying section 3(a) of the VCAA to Hayslip's case. And a remand would moot the improper retroactive application issue, eliding later review of the issue in this court. Once the Secretary gives Hayslip the notice required by the VCAA, the agency is adversely affected and may be precluded from seeking review of the board decision pursuant to 38 U.S.C. § 7252(a) if Hayslip's claim is later granted.

Discussing the implementation of the VCAA and its effective date, section 7 of the VCAA provides:

> (a) In General. Except as specifically provided otherwise, the provisions of section 5107 of title 38, United States Code, as amended by section 4 of this Act, apply to any claim—
>
> > (1) filed on or after the date of the enactment of this Act; or
> >
> > (2) *filed before the date of the enactment of this Act and not final as of that date.*

Act of Nov. 9, 2000, Pub. L. No. 106–475, § 7, 114 Stat.2099 (emphasis added). We have consistently held that section 3(a) of the VCAA, which relates to the amended duty to assist, was not intended to be given retroactive effect. In *Dyment*, we noted that:

> Section 7 of the VCAA, 114 Stat. 2099, gives retroactive effect to the elimina-

tion of the well-grounded claim requirement by making the statutory change in section 4 applicable to any claim that was not final as of the date of the enactment of the VCAA. Section 7 of the VCAA, however, refers specifically and solely to section 4 of the Act; it does not refer to any other provision, including section 3(a).... Accordingly, the inference is nearly inescapable that section 3(a) of the VCAA, unlike section 4, was not intended to be given retroactive effect.

287 F.3d at 1385. In *Bernklau* we examined a proceeding which was complete before the agency, but which was on appeal at the time the VCAA was enacted. 291 F.3d at 806. We reasoned that "Congress has not 'made clear its intent' to give retroactive effect to section 3(a) of the VCAA," and "conclude[d] that there is no clear direction by Congress to apply section 3(a) of the VCAA retroactively to open proceedings." *Id.* at 805–06 (citations omitted). "We note[d] that the new regulations associated with the VCAA apply to 'any claim for benefits received by [the Department of Veterans Affairs] on or after November 9, 2000, the VCAA's enactment date, as well as to any claim filed before that date but not decided by [the Department of Veterans Affairs] as of that date.'" *Id.* at 806 n. 9 (citing 66 Fed. Reg. 45,629 (Aug. 29, 2001)). Finally, we concluded "that section 3(a) of the VCAA does not apply retroactively to require that proceedings that were complete before the Department of Veterans Affairs and were on appeal to the Court of Appeals for Veterans Claims or this court be remanded for readjudication under the new statute." *Id.* at 806.[6] *Kuzma v. Principi,* 341

---

**6.** While discussing the background of section 7(a) of the VCAA in *Bernklau* we noted parenthetically, "The VCAA does not define the term 'final,' but we understand it to mean final decisions that are no longer subject to

appeal." *Bernklau,* 291 F.3d at 804. This, of course, was not the issue in the case and we believe our considered disposition here is the correct view of the matter.

F.3d 1327, 1328 (Fed.Cir.2003), is to the same effect.

In Hayslip's situation, however, we are dealing with the interim period in which the board decision was rendered just prior to the enactment of the VCAA but the appeal to the Veterans Court was filed after the enactment. The agency argues that the board's decision should have been considered final for purposes of implementation of the notice and assistance provisions of section 3(a) of the VCAA because reconsideration of the decision was not ordered according to 38 U.S.C. § 7103(a) or 38 C.F.R. § 20.1100(a). We agree.

The Veterans Court's decision is inconsistent with the plain language of 38 U.S.C. § 7103(a), which dictates that a board decision "is final unless the Chairman orders reconsideration...." 38 U.S.C. § 7103(a) (2000); *see Donovan v. West,* 158 F.3d 1377, 1382 (Fed.Cir.1998). The Supreme Court has recognized that "the term 'final decision' has a well-developed and longstanding meaning. It is a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.–Ala. v. Randolph,* 531 U.S. 79, 86, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (citations omitted). We, too, have held that "[t]he relevant consideration, in determining whether an administrative adjudication is sufficiently 'final' is 'whether the process of the administrative decision making has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights or obligations have been determined or legal consequences will flow from the agency action.'" *Elkins v. Gober,* 229 F.3d 1369, 1373 (Fed. Cir.2000) (quoting *Port of Boston Marine Terminal Ass'n v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 27 L.Ed.2d 203 (1970)).

The board's decision in Hayslip's case was final under 38 U.S.C. § 7103(a) prior to the enactment of the VCAA because it determined rights and obligations, and was ripe for judicial review. *See, e.g.,* 38 U.S.C. § 7102(a) (2000) ("A member or panel assigned a proceeding shall make a determination thereon" and "shall make a report under section 7104(d) of this title on any such determination, which report shall constitute the *final disposition* of the proceeding by the member or panel." (emphasis added)). Hayslip did not file a motion for reconsideration of the board's decision, or take any other action that could affect the finality of the board's decision. Likewise, the chairman of the board did not order reconsideration under 38 U.S.C. § 7103(a) on his own initiative. Consistent with its statutory mandate, the agency has implemented 38 C.F.R. § 20.1100(a) that directs, "Unless the Chairman of the Board orders reconsideration ... all Board decisions are final on the date stamped on the face of the decision." The board's decision regarding Hayslip's claim was date-stamped on October 13, 2000, and no further proceedings remained pending.

The fact that Hayslip had not yet filed a notice of appeal during the 120–day period also does not vitiate the finality of the board's decision. Pursuant to 38 U.S.C. § 7266(a), jurisdiction does not vest in the Veterans Court until the filing of a timely notice of appeal. The terms of section 7266(a), which refer to obtaining review of a "final" board decision by filing a notice of appeal, confirm that a board decision is final during the pendency of the appeal period. *Accord* 38 C.F.R. § 20.1103 (2003) ("A determination on a claim by the agency of original jurisdiction of which the claimant is properly notified is final if an appeal is not perfected as prescribed in Rule 302."). It follows that there was no further action for the board to take on Hayslip's claim, and the proceedings be-

fore the agency were complete prior to VCAA. The Veterans Court should not have remanded this case.

Hayslip asks us to find that the Veterans Court committed legal error for failing to take due account of the rule of prejudicial error as required by 38 U.S.C. § 7261(b)(2), prior to remanding for further development under the new notice and assistance provisions of section 3(a) of the VCAA. *See Conway*, 353 F.3d at 1373–75. He claims, and the agency agrees, that he is not prejudiced by the agency's purported failure to give proper notice and assistance under section 3(a) and requests that the Veterans Court reach the merits. However, in light of our disposition, we need not address this issue.

### Conclusion

Accordingly, the order of the Veterans Court is reversed and the case is remanded for further proceedings in accordance with this opinion.

### COSTS

No costs.

*REVERSED AND REMANDED.*