**James P. WALKER, Claimant–Appellee,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellant.**

No. 04–7070.

United States Court of Appeals, Federal Circuit.

June 18, 2004.

Gregory T. Jaeger, Principal Attorney, Todd Hughes, David M. Cohen, of Counsel, Washington, DC, for Respondent–Appellant.

Ronald L. Smith, Principal Attorney, Landon E. Overby, of Counsel, Disabled American, Washington, DC, for Claimant–Appellee.

Before MAYER, Chief Judge, RADER and DYK Circuit Judges.

RADER, Circuit Judge.

*ORDER*

The Secretary of Veterans Affairs submits a "notice of decision" advising the court that his appeal is affected by the recent decision in *Hayslip v. Principi*, 364 F.3d 1321 (Fed.Cir.2004), and suggests that the court reverse the Court of Appeals for Veterans Claims decision in *Walker v. Principi*, 01–258 (Oct. 28, 2003), and remand the case for further proceedings consistent with *Hayslip*. James P. Walker has not responded.

In this case, as in *Hayslip*, the Veterans Claims Assistance Act (VCAA), Pub.L. No. 106–475 (Nov. 9, 2000) was enacted after the Board of Veterans Affairs issued a final decision, but before a notice of appeal (NOA) was filed. The Court of Appeals for Veterans Claims remanded, reasoning that "[w]here a veteran has not filed an NOA as of the enactment of the VCAA, the proceedings are not complete before the VA."

In *Hayslip*, we held:

The fact that Hayslip had not yet filed a notice of appeal during the 120–day period also does not vitiate the finality of the board's decision.... It follows that there was no further action for the board to take on Hayslip's claim, and the proceedings before the agency were complete prior to VCAA. The Veterans Court should not have remanded this case.

*Hayslip*, 364 F.3d at 1326–27.

Thus, pursuant to *Hayslip*, the Court of Appeals for Veterans Claims decision is reversed and the case is remanded for further proceedings consistent with this court's opinion in *Hayslip*.

Accordingly,

IT IS ORDERED THAT:

(1) The Court of Appeals for Veterans Claims' decision is reversed and the case is remanded.

(2) All remaining motions are moot.

(3) Each side shall bear its own costs.