ORDER

PROST, Circuit Judge.
The Secretary of Veterans Affairs submits a “notice of decision” advising the court that his appeal is affected by the recent decision in Hayslip v. Principi, 364 F.3d 1321 (Fed.Cir.2004), and suggests that the court reverse the Court of Appeals for Veterans Claims’ decisions in Fahie v. Principi, 18 Vet.App. 285 (Vet.App.2003), Edwards v. Principi, 18 Vet.App. 294 (Vet.App.2003), Sabol v. Principi, 18 Vet.App. 302 (Vet.App.2003), and Phillips v. Principi, 18 Vet.App. 286 (Vet.App.2003), and remand the case for further proceedings consistent with Hayslip. Realdalist A. Fahie, Ralph R. Edwards, Daniel J. Sabol, and Donald D. Philips have not responded.
In these cases, as in Hayslip, the Veterans Claims Assistance Act (VCAA), Pub. L. No. 106-475 (Nov. 9, 2000) was enacted after the Board of Veterans Affairs issued a final decision, but before a notice of appeal (NOA) was filed. The Court of Appeals for Appeals for Veterans Claims remanded, reasoning that that if the VCAA was enacted after the Board issued a decision, but before an NOA was filed, the proceedings were not complete before the Department of Veterans Affairs.
In Hayslip, we held:
*434 The fact that Hayslip had not yet filed a notice of appeal during the 120-day period also does not vitiate the finality of the board’s decision.... It follows that there was no further action for the board to take on Hayslip’s claim, and the proceedings before the agency were complete prior to VCAA. The Veterans Court should not have remanded this case.
Hayslip, 364 F.3d at 1326-27.
Thus, pursuant to Hayslip, the Court of Appeals for Veterans Claims’ decisions are reversed and the cases are remanded for further proceedings consistent with this court’s opinion in Hayslip.
Accordingly,
IT IS ORDERED THAT:
(1) The Court of Appeals for Veterans Claims’ decisions are reversed and the cases are remanded.
(2) Each side shall bear its own costs.