Citation Nr: 1448531 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 08-13 231 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU), including on an extraschedular basis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Michael T. Osborne, Counsel


INTRODUCTION

The Veteran had active service from September 1986 to September 1989.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. The Veteran disagreed with this decision in October 2007. He perfected a timely appeal in April 2008. 

In November 2011, the Board denied the Veteran's claims for increased ratings for his service-connected meniscal tear of the right knee, degenerative joint disease of the right knee, degenerative joint disease of the left knee, meniscal tear of the left knee, and for a service-connected right ankle disability. The Board also referred the Veteran's TDIU claim to the Agency of Original Jurisdiction (AOJ) for additional development. 

The Veteran, through an attorney, and VA's Office of General Counsel, filed a Joint Motion for Remand (Joint Motion) with the United States Court of Appeals for Veterans Claims (Court) with respect to that part of the Board's November 2011 decision to refer, rather than remand, the Veteran's TDIU claim. The Court granted the Joint Motion in November 2012, remanding only that part of the Board's November 2011 decision to refer, rather than remand, the Veteran's TDIU claim for additional development.

Since the November 2011 Board decision is a final decision on the issue of entitlement to an increased schedular rating, including extra-schedular consideration under 38 C.F.R. § 3.321(b)(1), for the Veteran's service-connected meniscal tear of the right knee, degenerative joint disease of the right knee, degenerative joint disease of the left knee, meniscal tear of the left knee, and a service-connected right ankle disability, these discrete issues are no longer a part of the current appeal and thus remain undisturbed. See 38 U.S.C.A. §§ 511(a), 7103(a); 38 C.F.R. § 20.1100(a) (2012); Hayslip v. Principi, 364 F.3d 1321 (Fed. Cir. 2004) (finding that, if reconsideration of a Board decision is not ordered according to 38 U.S.C.A. § 7103(a) or 38 C.F.R. § 20.1100(a), then the Board's decision is deemed final); see generally 61 Fed. Reg. 66,749 (1996), VAOPGCPREC 6-96 (Aug. 16, 1996) (The Board is not precluded from rendering a decision with respect to the schedular rating for the underlying disability, including extra-schedular consideration under 38 C.F.R. § 3.321(b)(1), notwithstanding that the Appellant raised the issue of a TDIU rating for that same disability).

In January 2014, the Board remanded this matter to the AOJ for additional development. A review of the claims file shows that there has been substantial compliance with the Board's remand directives. The Board directed that the AOJ ask the Veteran to complete a formal TDIU claim (VA Form 21-8940), schedule him for appropriate VA examination to determine the impact of his service-connected disabilities on his employability, and refer the TDIU claim to the Director, Compensation & Pension (C&P) Service for consideration of extraschedular entitlement to a TDIU if the Veteran was found to be unemployable due to his service-connected disabilities following VA examination. The Veteran subsequently provided a completed VA Form 21-8940 in February 2014. The requested examination occurred in March 2014. This claim was not referred to the Director, C&P Service, because the March 2014 VA examiner did not find that the Veteran was unemployable due to his service-connected disabilities. See Stegall v. West, 11 Vet. App. 268 (1998); see also Dyment v. West, 13 Vet. App. 141 (1999) (holding that another remand is not required under Stegall where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.


FINDINGS OF FACT

1. Service connection is in effect for a medial meniscal tear of the right knee, evaluated as 20 percent disabling effective October 26, 2005, right knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, left knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, anterior talo-fibular sprain of the right ankle with mild degenerative changes and mortise narrowing, evaluated as 10 percent disabling effective November 14, 2003, and for a medial meniscal tear of the left knee, evaluated as 10 percent disabling effective October 26, 2005.

2. The Veteran does not meet the schedular criteria for a TDIU.

3. Resolving any reasonable doubt in the Veteran's favor, there is plausible evidence of record that he is unable to secure and follow a substantially gainful occupation solely as a result of his service-connected disabilities; thus, the Veteran's claim for a TDIU is eligible for extra-schedular consideration.


CONCLUSIONS OF LAW

1. The schedular criteria for a TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.16(a) (2014).

2. The criteria for referral to the Director, C&P Service, for consideration of entitlement to a TDIU on an extraschedular basis have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.2, 4.7, 4.16(b) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Before assessing the merits of the appeal, VA's duties under the Veterans Claims Assistance Act of 2000 (VCAA) must be examined. The VCAA provides that VA shall apprise a claimant of the evidence necessary to substantiate his claim for benefits and that VA shall make reasonable efforts to assist a claimant in obtaining evidence unless no reasonable possibility exists that such assistance will aid in substantiating the claim.

In a letter issued in January 2014, VA notified the Veteran of the information and evidence needed to substantiate and complete his claim, including what part of that evidence he was to provide and what part VA would attempt to obtain for him. See 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b)(1); Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002). This letter informed the Veteran to submit medical evidence demonstrating the impact of his service-connected disabilities on his employability and noted other types of evidence the Veteran could submit in support of his claim. The Veteran also was informed of when and where to send the evidence. After consideration of the contents of this letter, the Board finds that VA has satisfied substantially the requirement that the Veteran be advised to submit any additional information in support of his claim. See Pelegrini v. Principi, 18 Vet. App. 112 (2004).

As will be explained below in greater detail, the evidence supports referring the Veteran's TDIU claim to the Director, C&P Service, for extraschedular consideration. Although the Board acknowledges that the Veteran was not provided with appropriate Dingess notice, because he was fully informed of the evidence needed to substantiate this claim, any failure of the RO to notify him under the VCAA cannot be considered prejudicial. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993); see also Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The Veteran also has had the opportunity to submit additional argument and evidence and to participate meaningfully in the adjudication process. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

With respect to the timing of the notice, the Board points out that the Court has held that a VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a Veteran before the initial unfavorable agency of original jurisdiction decision on a claim for VA benefits. See Pelegrini, 18 Vet. App. at 112. Here, the January 2014 VCAA notice was provided prior to a supplemental statement of the case issued in August 2014 which denied a TDIU claim; thus, this notice was timely. Because the Veteran's claim is being granted in this decision, any question as to the appropriate disability rating or effective date is moot. See Dingess, 19 Vet. App. at 473. And any defect in the timing or content of the notice provided to the Veteran and his service representative has not affected the fairness of the adjudication. See Mayfield, 444 F.3d at 1328.

The Board also finds that VA has complied with the VCAA's duty to assist by aiding the Veteran in obtaining evidence and affording him the opportunity to give testimony before the RO and the Board, although he declined to do so. It appears that all known and available records relevant to the issue on appeal have been obtained and associated with the Veteran's claims file; the Veteran has not contended otherwise. The Veteran's Virtual VA claims file has been reviewed. The Veteran also does not contend, and the evidence does not show, that he is in receipt of Social Security Administration (SSA) disability benefits such that a remand to obtain his SSA records is required.

The Veteran has been provided with VA examinations which address the impact of his service-connected disabilities on his employability. 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). Given that the pertinent medical history was noted by the examiners, these examination reports set forth detailed examination findings in a manner which allows for informed appellate review under applicable VA laws and regulations. Thus, the Board finds the examinations of record are adequate for rating purposes and additional examination is not necessary regarding the claim adjudicated in this decision. See also 38 C.F.R. §§ 3.326, 3.327, 4.2. In summary, VA has done everything reasonably possible to notify and to assist the Veteran and no further action is necessary to meet the requirements of the VCAA.

TDIU

The Veteran contends that his service-connected disabilities preclude him from securing or maintaining substantially gainful employment, entitling him to a TDIU. He specifically contends that his service-connected bilateral knee and right ankle disabilities prevent him from being employed.

Law and Regulations

The schedular rating criteria are designed to compensate for average impairments in earning capacity resulting from service-connected disability in civil occupations. 38 U.S.C.A. § 1155. "Generally, the degrees of disability specified [in the rating schedule] are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability." 38 C.F.R. § 4.1.

A Veteran may be awarded a TDIU upon a showing that he is unable to secure or follow a substantially gainful occupation due solely to impairment resulting from his service-connected disabilities. 38 U.S.C.A. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16. A total disability rating may be assigned where the schedular rating is less than total when the disabled person is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, or if there are two or more disabilities, there shall be at least one ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a). Consideration may be given to a Veteran's level of education, special training, and previous work experience in arriving at a conclusion, but not to his age or the impairment caused by any non-service-connected disabilities. See 38 C.F.R. §§ 3.341, 4.16, 4.19. 

Where a Veteran is unemployable by reason of his or her service-connected disabilities, but they fail to meet the percentage standards set forth in § 4.16(a), TDIU claims should be submitted to the Director, C&P Service, for extraschedular consideration. 38 C.F.R. § 4.16(b). The Board is precluded from assigning a TDIU rating on an extraschedular basis in the first instance. Instead, the Board must refer any claim that meets the criteria for referral for consideration of entitlement to TDIU on an extraschedular basis to the Director, C&P Service. Bowling v. Principi, 15 Vet. App. 1 (2001).

The term "unemployability," as used in VA regulations governing total disability ratings, is synonymous with an inability to secure and follow a substantially gainful occupation. See VAOPGCPREC 75-91 (Dec. 17, 1991). The issue is whether the Veteran's service-connected disability or disabilities preclude him from engaging in substantially gainful employment (i.e., work which is more than marginal, that permits the individual to earn a "living wage"). See Moore v. Derwinski, 1 Vet. App. 356 (1991). In a claim for TDIU, the Board may not reject the claim without producing evidence, as distinguished from mere conjecture, that the Veteran's service-connected disability or disabilities do not prevent him from performing work that would produce sufficient income to be other than marginal. Friscia v. Brown, 7 Vet. App. 294 (1995), citing Beaty v. Brown, 6 Vet. App. 532, 537 (1994).

In determining whether the Veteran is entitled to a TDIU, neither his nonservice-connected disabilities nor his age may be considered. Van Hoose v. Brown, 4 Vet. App. 361 (1993). The Court has held that the central inquiry in determining whether a Veteran is entitled to a total rating based on individual unemployability is whether service-connected disabilities alone are of sufficient severity to produce unemployability. Hatlestad v. Brown, 5 Vet. App. 524 (1993). The test of individual unemployability is whether the Veteran, as a result of his service-connected disabilities alone, is unable to secure or follow any form of substantially gainful occupation which is consistent with his education and occupational experience. 38 C.F.R. §§ 3.321, 3.340, 3.341, 4.16.

Factual Background & Analysis

The Board finds that the evidence is in relative equipoise as to whether the Veteran is entitled to a TDIU, including on an extraschedular basis. The Board notes initially that it is undisputed that the Veteran does not meet the scheduler criteria for a TDIU. See 38 C.F.R. § 4.16(a). Service connection is in effect for a medial meniscal tear of the right knee, evaluated as 20 percent disabling effective October 26, 2005, right knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, left knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, anterior talo-fibular sprain of the right ankle with mild degenerative changes and mortise narrowing, evaluated as 10 percent disabling effective November 14, 2003, and for a medial meniscal tear of the left knee, evaluated as 10 percent disabling effective October 26, 2005. The Veteran's combined disability evaluation for compensation is 50 percent effective October 26, 2005. Id. Thus, the Board finds that the scheduler criteria for a TDIU have not been met.

There is evidence both in favor of and against finding that the Veteran is entitled to referral of his TDIU claim to the Director, Compensation & Pension (C&P) Service, for consideration of extraschedular entitlement. See 38 C.F.R. § 4.16(b). For example, the Veteran's VA treating physician has provided several opinions which support finding that his service-connected disabilities preclude his employability, entitling him to referral to the Director, C&P Service, for consideration of an extraschedular TDIU. Id. In April 2013, the Veteran's VA treating physician stated that the Veteran suffered from severe degenerative joint disease of the knees and back and "is in chronic pain all the time requiring narcotic medications and constant rest." This VA physician also stated that the Veteran's "functionality is very poor" due to his severe (service-connected) bilateral knee disabilities and (non-service-connected) back disability. The Veteran's knees required constant use of knees braces. The Veteran "also has severe ankle pain for which he uses braces to help him walk and stabilize. He is unable to lift, bend, stoop, or do any manual work." This VA physician concluded that the Veteran was totally disabled from employment as a result of his multiple medical conditions and he had not worked in the previous 4-5 years.
 
In January 2014, the Veteran's VA treating physician stated that the Veteran's medical condition had worsened since April 2013. "He continues to require mostly rest and pain medication." This VA physician again concluded that the Veteran was totally disabled from employment as a result of his multiple medical conditions and he had not worked in the previous 5-6 years.

In August 2014, the Veteran's VA treating physician stated the Veteran's primary illness was his "chronic pain all the time requiring narcotic pain medications and constant rest." After repeated his prior opinions regarding the Veteran's poor "functionality," constant use of knee braces, "severe ankle pain," and multiple physical limitations, this VA physician opined that the Veteran's "unemployability is due to his service-connected conditions involving his knees and ankles." 

By contrast, following VA examination in March 2014 to determine the impact of the Veteran's service-connected bilateral knee and right ankle disabilities on his employability, the VA examiner stated that these disabilities less likely than not rendered him unemployable. The rationale for this opinion was that, because the Veteran was very alert, oriented, and had a good memory, he could work non-physically demanding jobs.

The Veteran's formal TDIU claim (VA Form 21-8940) , received by the RO in February 2014, shows that he last had worked in 2007 or 2008 as a detention counselor for the City of Newport News, Virginia. He reported that he had become too disabled to work in 2008. He also reported that he had lost his last job due to his service-connected disabilities. He further reported that he had completed high school and had 1 year of college education.

The Veteran has contended that his service-connected disabilities interfered with his employment prior to him becoming too disabled to work in 2007 or 2008. He also has contended that his service-connected disabilities have prevented him from securing or maintaining substantially gainful employment since he became too disabled to work. After resolving any reasonable doubt in the Veteran's favor, the Board finds that the record evidence supports his assertions that he is entitled to referral for consideration of an extraschedular TDIU. See 38 C.F.R. §§ 3.102, 4.16(b). The Board acknowledges in this regard that, when he provided his April 2013 and January 2014 opinions, the Veteran's VA treating physician appears to have considered the impact of non-service-connected disabilities, in addition to the Veteran's service-connected bilateral knee and right ankle disabilities, in evaluating the Veteran's employability. Consideration of non-service-connected disabilities is prohibited in evaluating TDIU claims. See Van Hoose, 4 Vet. App. at 361. To the extent that the Veteran's VA treating physician considered the Veteran's non-service-connected disabilities in evaluating his employability and providing his opinions in April 2013 and January 2014, the Board finds that this evidence is not probative on the issue of whether the Veteran is entitled to referral for consideration of an extraschedular TDIU. The Board also notes, however, that a careful reading of the April 2013 and January 2014 opinions from the Veteran's VA treating physician along with this physician's August 2014 opinion demonstrates that this evidence supports referring the Veteran's TDIU claim to the Director, C&P Service, for extraschedular consideration. See 38 C.F.R. § 4.16(b). In each of the opinions that he provided, the Veteran's VA treating physician noted the Veteran's severe service-connected bilateral knee and right ankle disabilities and their impact on his employability, his poor "functionality," constant use of knee braces, "severe ankle pain," and multiple physical limitations (no lifting, bending, stooping, or doing any manual work). Critically, this VA physician specifically found in August 2014 that the Veteran was unemployable as a result of his service-connected bilateral knee and right ankle disabilities.

There also is no indication in the record evidence that, even if the Veteran were able to perform a "non-physically demanding" job which the March 2014 VA examiner thought was not precluded by his service-connected disabilities, he has the education or work experience to find such employment. Although the job duties and responsibilities that he had at his last job in 2007-2008 are not clear from a review of the record evidence (VA Form 21-8940), the Veteran reported on his VA Form 21-8940 that he had lost this job because of his service-connected bilateral knee and ankle disabilities; thus, it seems reasonable conclude that he would be unable to go back to this job given that, as his VA treating physician has stated repeatedly, his service-connected disabilities have worsened since at least 2013 and are severely disabling. Because the record evidence indicates that the Veteran has not worked at least since 2008, it also seems reasonable for the Board to infer that his limited work experience and education might further impede him in any attempt to find a "non-physically demanding" job. See Bastien v. Shinseki, 599 F.3d 1301, 1306 (Fed. Cir. 2010) ("The evaluation and weighing of evidence and the drawing of appropriate inferences from it are factual determinations committed to the discretion of the fact finder.").

In summary, the Veteran's current combined disability evaluation of 50 percent is insufficient to consider TDIU on a schedular basis. 38 C.F.R. § 4.16(a). There is plausible evidence of record that the Veteran is unable to secure and follow a substantially gainful occupation solely as a result of his service-connected bilateral knee and right ankle disabilities. See 38 C.F.R. § 4.16(b); see also Bowling, 15 Vet. App. at 9-10 (finding that plausible evidence of unemployability warrants referral of TDIU claim to Director, C&P Service, for extraschedular consideration). Accordingly, and because the Board is prohibited from assigning an extraschedular TDIU, the Board finds that a claim of entitlement to TDIU on an extraschedular basis must be referred to the Director, C&P Service, for consideration.


ORDER

Referral to the Director, C&P Service, is warranted for consideration of entitlement to a total disability rating based on individual unemployability (TDIU) on an extraschedular basis.

REMAND

The Board has found that referral to the Director, C&P Service, is warranted for consideration of extraschedular entitlement to a TDIU. Thus, on remand, this claim should be submitted to the Director, C&P Service, for extraschedular consideration in the first instance. See 38 C.F.R. § 4.16(b). A copy of the Director's decision should be included in the claims file.

As noted above, the Veteran has contended that he is unemployable by reason of his service-connected meniscal tear of the right knee, degenerative joint disease of the right knee, degenerative joint disease of the left knee, meniscal tear of the left knee, and right ankle disability. He also has contended that these disabilities interfered with his last job as a detention counselor before he was forced to quit in 2007-2008 and essentially prevented him from finding subsequent employment. Service connection is in effect for a medial meniscal tear of the right knee, evaluated as 20 percent disabling effective October 26, 2005, right knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, left knee degenerative joint disease, evaluated as 10 percent disabling effective November 14, 2003, anterior talo-fibular sprain of the right ankle with mild degenerative changes and mortise narrowing, evaluated as 10 percent disabling effective November 14, 2003, and for a medial meniscal tear of the left knee, evaluated as 10 percent disabling effective October 26, 2005. The Veteran's combined disability evaluation for compensation is 50 percent effective October 26, 2005.

Accordingly, the case is REMANDED for the following action:

1. Refer the Veteran's TDIU claim to the Director, C&P Service, for extraschedular consideration. See 38 C.F.R. § 4.16(b). A copy of the Director's decision must be included in the claims file.

2. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claim. If the determination remains unfavorable to the Veteran, then the RO should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issue. An appropriate period of time should be allowed for response by the Veteran and his service representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



______________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs